**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------- :
RYAN O'DELL,                                            :
                                                        :
                          Plaintiff,                    :      Case No. 1:23-cv-3168
                                                        :
v.                                                      :
                                                        :      **COMPLAINT FOR VIOLATIONS OF**
JOUNCE THERAPEUTICS, INC., JIGAR                        :      **SECTIONS 14(e), 14(d) AND 20(a) OF**
RAYTHATHA, LUIS A. DIAZ, JR.,                           :      **THE SECURITIES EXCHANGE ACT**
BARBARA DUNCAN, ROBERT IANNONE,                         :      **OF 1934**
ROBERT KAMEN, PERRY KARSEN,                             :
RICHARD MURRAY and LUISA SALTER-                        :      **JURY TRIAL DEMANDED**
CID,                                                    :
                                                        :
                          Defendants.                   :
-------------------------------------------------------- :

Ryan O'Dell ("Plaintiff"), by and through his attorneys, alleges the following upon

information and belief, including investigation of counsel and review of publicly-available

information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal

knowledge:

1.      This is an action brought by Plaintiff against Jounce Therapeutics, Inc. ("Jounce or

the "Company") and the members Jounce board of directors (the "Board" or the "Individual

Defendants" and collectively with the Company, the "Defendants") for their violations of Sections

14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection

with the proposed acquisition of Jounce by affiliates of Concentra Biosciences, LLC

("Concentra").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by

causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the

"Solicitation Statement") to be filed on April 6, 2023 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders.  The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Concentra Merger Sub, Inc. ("Merger Sub"), an indirect wholly-owned subsidiary of Concentra, will merge with and into Jounce, with Jounce continuing as the surviving corporation and as a wholly owned subsidiary of Concentra (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated March 26, 2023 (the "Merger Agreement"), each Jounce common share issued and outstanding will be converted into the right to receive (i) $1.85 per share owned; plus (ii) one non-transferable contractual contingent value right per share ("CVR") (the "Merger Consideration"). In accordance with the Merger Agreement, Purchaser commenced a tender offer to acquire all of Jounce's outstanding common stock and will expire on May 3, 2023 (the "Tender Offer").

3.    Defendants have now asked Jounce's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.   Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) Jounce's financial projections; and (ii) the data and inputs underlying the financial valuation analyses conducted by the Company's financial advisor Cowen and Company, LLC ("Cowen"). The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as Jounce stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.     It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5.     For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to Jounce's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.     Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Plaintiff resides in this District.

## PARTIES

9.     Plaintiff is, and has been at all relevant times, the owner of Jounce common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Jigar Raythatha has served as a member of the Board since September 2021 and is the Chairman of the Board.

11.    Individual Defendant Luis A. Diaz, Jr. has served as a member of the Board since October 2017.

12.    Individual Defendant Barbara Duncan has served as a member of the Board since May 2016.

13.    Individual Defendant Robert Iannone has served as a member of the Board since January 2020.

14.    Individual Defendant Robert Kamen has served as a member of the Board since February 2013.

15.    Individual Defendant Perry Karsen has served as a member of the Board since January 2016.

16.    Individual Defendant Richard Murray has served as a member of the Board since July 2014 and is the Company's President and Chief Executive Officer.

17.    Individual Defendant Luisa Salter-Cid has served as a member of the Board since February 2021.

18.    Defendant Jounce is incorporated in Delaware and maintains its principal offices at 780 Memorial Drive, Cambridge, MA 02139.  The Company's common stock trades on the NASDAQ Global Select Market under the symbol "JNCE."

19.    The defendants identified in paragraphs 10-15 are collectively referred to as the "Individual Defendants" or the "Board."

20.    The defendants identified in paragraphs 10-16 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.**     **The Proposed Transaction**

21.     Jounce, a clinical-stage immunotherapy company, develops therapies for the treatment of cancer. It develops vopratelimab, a clinical-stage monoclonal antibody, which is in Phase II clinical trial that binds to and activates the Inducible T cell CO-Stimulator, a protein on the surface of T cells found in various solid tumors. The Company is also developing JTX-8064, a monoclonal antibody that binds to leukocyte immunoglobulin like receptor B2, which is a cell surface receptor expressed on macrophages; and Pimivalimab, an anti-PD-1 antibody for combination therapy. In addition, its preclinical products are JTX-1484, a monoclonal antibody designed to reduce myeloid-mediated immune suppression; and JTX-2134, a monoclonal antibody designed to reduce myeloid-mediated immune suppression and activate T and NK cells. Jounce was incorporated in 2012 and is headquartered in Cambridge, Massachusetts.

22.     On March 27, 2023, the Company announced the Proposed Transaction:

> CAMBRIDGE, Mass., March 27, 2023 (GLOBE NEWSWIRE) -- Jounce Therapeutics, Inc. (NASDAQ: JNCE) ("Jounce" or the "Company"), a clinical-stage company focused on the discovery and development of novel cancer immunotherapies and predictive biomarkers, today announced it has entered into a definitive merger agreement whereby Concentra Biosciences, LLC ("Concentra") will acquire Jounce for $1.85 in cash per share plus a non-tradeable contingent value right (the "CVR").
>
> The $1.85 per share upfront consideration represents a premium of approximately 75% to Jounce's closing share price immediately prior to the March 14, 2023 public disclosure of Concentra's acquisition proposal.
>
> Following a thorough review process conducted with the assistance of its legal and financial advisors, Jounce's Board of Directors has determined that the acquisition by Concentra – of which Tang Capital Partners, LP is the controlling shareholder – is in the best interests of all Jounce shareholders, and has unanimously approved the merger agreement.

Jounce's Board of Directors is no longer recommending the proposed all-share merger transaction (the "Redx Business Combination") with Redx Pharma Plc (AIM:REDX) ("Redx"). The Jounce Board of Directors has notified Redx of the withdrawal of its recommendation in favor of the Redx Business Combination and termination of the co-operation agreement dated February 23, 2023 between Jounce and Redx.

In conjunction with the merger agreement, Jounce is implementing a workforce reduction of approximately 84% of its employees. This reduction is expected to be completed within the next month and Jounce will incur restructuring costs totaling approximately $6.5 million[1]. The remaining Jounce employees will work to complete the sale of the Company, conduct activities to maximize the value of the CVR, work to ensure that patients on the SELECT and INNATE trials have the opportunity to continue receiving therapy with vopratelimab, JTX-8064 and pimivalimab and to otherwise ensure a smooth transition to Concentra.

Pursuant and subject to the terms of the merger agreement, a subsidiary of Concentra will commence a tender offer by April 7, 2023 to acquire all outstanding shares of Jounce for $1.85 in cash per share at closing plus a non-tradeable CVR representing the right to receive 80% of the net proceeds payable for a period of ten years post-closing from any license or disposition of Jounce's programs effected within two years of closing and 100% of the potential aggregate value of certain specified potential cost savings.

Closing of the tender offer is subject to certain conditions, including the tender of Jounce shares representing at least a majority of the total number of outstanding shares as of immediately following the consummation of the offer; the availability of at least $110 million of cash and cash equivalents, net of any tail and closing costs, at closing, and other customary conditions. The acquisition is expected to close in the second quarter of 2023.

\* \* \*

23.    It is therefore imperative that Jounce's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.**     **The Materially Incomplete and Misleading Solicitation Statement**

24.     On April 6, 2023, Jounce filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.  The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning Financial Projections*

25.     The Solicitation Statement fails to provide material information concerning financial projections by Jounce management, explaining in the Solicitation Statement that the management of the Company "did not have reliable cash flow projections for the Company and did not believe that any projections created at this time would form a reasonable basis for the Jounce Board's decision-making regarding the valuation of the Company or TD Cowen's financial analysis of the Company." Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

*Omissions and/or Material Misrepresentations Concerning Cowen's Financial Analyses*

26.     The Solicitation Statement fails to disclose any analyses purportedly performed by Cowen in connection with the Proposed Transaction, and instead, stated that the Board had decided

to "forego receipt of a fairness opinion" "based on a variety of factors" and to solely rely on the Company's Chief Financial Officer's advice in respect to the Proposed Transaction. Solicitation Statement at 32.

27.     However, the Solicitation Statement fails to include any details of the analysis conducted by the Company's Chief Financial Officer, including the liquidation analyses as reviewed and discussed during the meetings of the Board between January 5, 2023 and March 24, 2023, and the analysis comparing the three strategic alternatives: (i) an acquisition by Parent on the terms reflected in the March 24 Proposal, (ii) the proposed Redx Business Combination, and (iii) liquidation of the Company.

28.     The Solicitation further fails to disclose any financial analysis regarding the value, if any, of the CVR that constitutes a portion of the Merger Consideration.

29.     In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

30.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

31.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order

to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

32.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

33.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

34.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

35.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified

above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

36.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

37.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

<u>**COUNT II**</u>
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

38.     Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

39.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

40.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

41.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

42.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

43.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

44.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

45.     The Individual Defendants acted as controlling persons of Jounce within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of Jounce, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of Jounce, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

46.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior

to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

47.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of Jounce, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

48.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

49.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

50.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

51.     Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.     Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: April 17, 2023                          **MELWANI & CHAN LLP**

                                               /s *Gloria Kui Melwani*
                                               Gloria Kui Melwani (GM5661)
                                               1180 Avenue of the Americas, 8th Floor
                                               New York, New York 10036

Tel: (212) 382-4620
Email:  gloria@melwanichan.com

*Attorneys for Plaintiff*